UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
GABRIYEL FRASER,                                :
                                                :
                      Petitioner,               :        **ORDER DISMISSING**
                                                :        **PETITION FOR WRIT**
     -against-                                  :        **OF HABEAS CORPUS**
                                                :
STATE OF CONNECTICUT,                           :        3:25-CV-00892 (VDO)
                                                :
                      Respondent.               :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

Petitioner, a pretrial detainee,[1] in the custody of the Connecticut Department of Corrections, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the prosecution of his pending criminal cases in Connecticut State criminal court and requesting that this Court order his release from detention.[2] The Court **DISMISSES** the Petition without prejudice for the reasons that follow.

I.      BACKGROUND

On June 2, 2025, Petitioner Gabriyel Fraser, filed his habeas petition under § 2241, claiming that he "was unlawfully removed/kidnapped [on May 19, 2025] . . . without proper notice or legal justification."[3] He states that he "has been charged in two separate jurisdictions

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). A search of the Connecticut Department of Correction inmate information shows that Petitioner was admitted to the Connecticut Department of Correction on May 20, 2025, and he is an unsentenced pretrial detainee currently housed at MacDougall-Walker Correctional Institution. *See* DOC Inmate Information, https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=447127 (last visited Nov. 12, 2025).

[2] Pet., ECF No. 1.

[3] *Id*. at 1.

for the same gun possession charge, specifically in G.A. 4 Waterbury (U04W-CR24-0507770-S) and Judicial District (Docket No. N23N-CR25-0260024-S)."[4]

Petitioner further claims that in Case Nos. CR24-0507770-S and CR25-0260024-S,[5] he "has been denied his right to a speedy trial since January 2024 . . . and [that] the State has failed to respond to motions[,] . . . along with interrogatories, productions and requests for admission[,] . . . leading to a violation of his rights."[6] He contends that "[t]he actions of the State, including the unlawful removal and failure to prosecute, have resulted in the deprivation of [his] rights under the Sixth and Fourteenth Amendments of the United States Constitution."[7] He also argues that "[t]he State of Connecticut is bound by Connecticut General Statutes, Practice Book Section 251 . . . which outlines the requirements for the prosecution of criminal cases and rights of defendants."[8] He purports that "the systemic failures of the State of

---

[4] *Id*.

[5] This court may take judicial notice of state court records. *Velasco v. Gonclavez*, No. 3:21-CV-1573 (MPS), 2022 WL 19340, at *2, n.2 (D. Conn. Jan. 3, 2022); *Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 402 (2d Cir. 2003). A review of the Connecticut State Court records reflects that Petitioner has three pending criminal cases in the New Haven Judicial District, Case Nos. NNH-CR24-0507770-T, NNH-MV23-0486910-T, and NNH-CR25-0260024-T. *See* State of Connecticut Judicial Branch, https://www.jud2.ct.gov/crdockets/SearchResultsPending.aspx (last visited Nov. 12, 2025). In Case No. NNH-CR25-0260024-T, Petitioner was arrested by the New Haven Local Police on January 30, 2024, he was charged with Murder and Carrying a Pistol without a Permit for offenses that occurred on January 30, 2024, and he is scheduled for pretrial on November 13, 2025. In Case No. NNH-CR24-0507770-T, Petitioner was arrested by the Local Waterbury Police on May 19, 2025, he was charged with Illegal Possession of a Weapon in a Motor Vehicle, Interference with an Officer/Resisting, and Carrying a Pistol without a Permit for offenses that occurred on January 30, 2024, and he is scheduled for pretrial on November 13, 2025.

[6] Pet. at 2.

[7] *Id*.

[8] *Id*.

Connecticut to provide adequate legal representation . . . further substantiate the need for this Court to intervene."[9]

In summary, Petitioner's habeas petition is centered on three grounds: (1) unlawful pretrial detention; (2) violation of his right to a speedy trial in conjunction with the State's purported failure to prosecute his criminal case; and (3) failure to provide adequate legal representation.[10] As for relief sought, Petitioner requests that this Court "[i]ssue a writ of habeas corpus commanding the State of Connecticut to show cause why he should not be released from unlawful detention[,]"[11] which when construed liberally, is a request for injunctive relief.

## II.  **LEGAL STANDARD**

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Thus, habeas relief is available under 28 U.S.C. § 2241 to a state pretrial detainee 'challenging his custody as unlawful under the Constitution or federal law.'" *Rosa v. Comm'r of Correction*, No. 24-CV-1738, 2025 WL 1566666, at *2 (D. Conn. June 3, 2025) (quoting *Nieves v. Farber*, No. 20-CV-0990, 2020 WL 1529454, at *3 (S.D.N.Y. Mar. 30, 2020)). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. "Implicit in this

---

[9] *Id*.

[10] See *id*.

[11] *Id*. at 3.

directive is the power to dismiss a habeas petition when it is patently apparent that the court lacks jurisdiction to grant the relief demanded." *Cephas v. Nash*, 328 F.3d 98, 103 (2d Cir. 2003); *see also Ethridge v. Bell*, 49 F.4th 674, 682 (2d Cir. 2022).

The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, *a pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Id.* at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### III. DISCUSSION

#### A. Proper Respondent & Violations of the Connecticut Practice Book

As an initial matter, Petitioner brings this action against the State of Connecticut, which is not the proper respondent. In habeas challenges to confinement, "the proper respondent is the warden of the facility where the prisoner is being held." *Holley v. McCormick*, No. 20-CV-1663, 2021 WL 3409287, at *1 (D. Conn. Aug. 3, 2021) (noting that warden of correctional center was the proper respondent in § 2241 proceeding) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see also* 28 U.S.C. § 2242. Because Petitioner is being held at MacDougall-Walker Correctional Institution ("Walker CI"), the proper respondent would be the warden of Walker CI. Furthermore, as to Petitioner's claim that there has been a violation of the Connecticut Practice Book, this claim lacks merit. "The Connecticut Practice Book provides rules of practice and procedure in Connecticut state courts." *Toczek v. Alvord*, 841 F. App'x 263, 265 n.1 (2d Cir. 2021). Notably, "[t]he Connecticut Rules for the Superior Court . . . do not 'create substantive rights' from which [Petitioner] may derive a cause of action." *Liu v.*

4

*Minchella*, No. 22-CV-996, 2023 WL 5979998, at *3 (D. Conn. Sept. 14, 2023) (citation omitted).

### B.   *Younger* Abstention

Notwithstanding the foregoing, in accordance with the *Younger* abstention doctrine,[12] the Court concludes that it lacks jurisdiction over Petitioner's challenges to his pending Connecticut State Court criminal proceedings, namely, Petitioner's challenge to his pretrial detention and claims for purported violations of his right to a speedy trial and adequate legal representation. *See Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("[W]hen *Younger* applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter.").

In *Younger*, the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances. *See Gibson v. Berryhill*, 411 U.S. 564, 573–74 (1973) (citing *Younger*, 401 U.S. at 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (holding that "ongoing state criminal prosecutions" fall within the scope of "exceptional circumstances" that "justify a federal court's refusal to decide a case in deference to the States") (cleaned up). In other words, federal habeas actions cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973). As such, following *Younger*, federal courts have routinely declined to entertain *habeas* petitions filed by defendants who are in the midst of ongoing state criminal proceedings. *See, e.g., Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir.

---

[12] *See Younger v. Harris*, 401 U.S. 37 (1971).

2014) (declining to consider a § 2241 petition on the merits pursuant to *Younger)*; *Ware v. Calistro*, No. 24-CV-323, 2025 WL 2319848, at *2 (D. Conn. Aug. 12, 2025) (abstaining from exercising jurisdiction under *Younger* over petitioner's requests for injunctive relief because federal review would interfere with ongoing state court proceedings); *Jones v. Walker*, No. 22-CV-993, 2022 WL 623584, at *2 n.2 (S.D.N.Y. Mar. 3, 2022) ("Where a pretrial detainee challenges his custody in a *habeas corpus* petition brought under § 2241, courts have applied the *Younger* doctrine and declined to intervene in the state court proceeding.").

To determine whether the Court should abstain from enjoining Petitioner's pending state criminal proceedings, there are three non-dispositive factors to consider: (1) whether there is an ongoing state proceeding; (2) whether an important state interest is implicated in that proceeding; and (3) whether the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims. *See Lowell v. Vt. Dep't of Children and Families*, 835 F. App'x 637, 639 (2d Cir. 2020); *Cook v. Martin*, No. 21-CV-1465, 2022 WL 2817452, at *3 (D. Conn. July 19, 2022). All three factors support abstention here.

The first factor is satisfied because Petitioner's State Court criminal proceedings remain ongoing and have not been resolved. The second factor has also been satisfied because "an important state interest is implicated whenever a party seeks to enjoin an ongoing state criminal proceeding." *Rosa*, 2025 WL 1566666, at *3. Notably, if the Court were to prematurely adjudicate whether Petitioner's right to a speedy trial and right to counsel were violated, it would "permit the derailment" of Petitioner's pending state court proceedings. *See Braden*, 410 U.S. at 493; *see also Rosa*, 2025 WL 1566666, at *3 (finding, under *Younger*, the court lacked jurisdiction over petitioner's challenges to his arrest, bond determination, and

appointment of counsel in ongoing state criminal proceedings); *Rivera v. Connecticut*, No. 20-CV-860, 2022 WL 124248, at *3 (D. Conn. Jan. 13, 2022) (dismissing § 2241 petition without prejudice pursuant to the *Younger* abstention doctrine and declining to consider petitioner's pretrial motion for speedy trial because it would permit the derailment of petitioner's pending state court proceedings). And although Petitioner does not explicitly bring a claim challenging a bond determination, his challenge to his pretrial detention is similar to the request to consider a pretrial motion for speedy trial, as in *Rivera*. In this context, the Second Circuit has instructed that federal court "'interference with the state criminal process in both pending and future bail proceedings,' . . . would violate principles of comity set forth in *Younger*." *Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) (quoting and citing *Wallace v. Kern*, 520 F.2d 400, 405 n.9, 408 (2d Cir. 1975)).

Regarding the third factor, "pending state court criminal proceedings ordinarily provide the accused "a fair and sufficient opportunity for vindication of federal constitutional rights." *Christian v. Guadarrama*, No. 3:24-CV-1458 (VDO), 2024 WL 4653140, at *2 (D. Conn. Nov. 1, 2024) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). The Connecticut State Court is capable of reviewing Petitioner's constitutional claims and challenges to his pretrial detention in his ongoing state court criminal proceedings. *See Talandar v. Vermont*, No. 21-1441, 2023 WL 1113530, at *1 (2d Cir. Jan. 31, 2023) (summary order) (finding district court properly declined to entertain petitioner's federal case challenging his pretrial detention and right to speedy trial in his ongoing state court criminal proceeding). And in the event Petitioner is convicted, he can "raise his constitutional claims on direct appeal or through collateral review of his conviction in state court." *Rosa*, 2025 WL 1566666, at *4 (collecting cases). Accordingly, *Younger* abstention is appropriate.

While the above factors demonstrate that *Younger* abstention is appropriate, a federal court may nevertheless intervene in a state proceeding upon a Petitioner's showing of the following exceptions: "bad faith, harassment or any other unusual circumstance that would call for equitable relief." *McGowan*, 282 F.3d at 198 (quoting *Younger*, 401 U.S. at 54). A petitioner bears the burden of establishing that an exception applies. *See Kirschner v. Klemons*, 225 F.3d 227, 235-36 (2d Cir. 2000). In this case, Petitioner raises no grounds to suggest that the bad faith or harassment exception is warranted. On the contrary, Petitioner's claims related to pretrial detention, speedy trial and inadequate representation are wholly conclusory.

Petitioner also fails to indicate that there are unusual circumstances warranting an exception to abstention. For an exception to apply, there must be a "sufficient threat of such great, immediate, and irreparable injury as to warrant intervention in state criminal proceedings . . . [and] such circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief. . . . *McGowan*, 282 F.3d at 201 (quoting *Kugler*, 421 U.S. at 124. There are two predicates used to determine whether an unusual circumstances exception may apply: "(1) that there be no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violation; *and* (2) that a finding be made that the litigant will suffer great and immediate harm if the federal court does not intervene." *Id.* (cleaned up).

As to the first predicate, the Connecticut state courts can fully review any of Petitioner's constitutional questions and remedy any violations as appropriate. As for Petitioner's claim pertaining to adequate representation of counsel, he has provided no indication that he is precluded from raising this claim in Connecticut State Court, either at the trial level or on appeal. *See Rosa*, 2025 WL 1566666, at *5 (dismissing petitioner's habeas claims challenging

8

aspects of his state court criminal proceedings, including his bond determination and ineffective representation by counsel, on the basis of *Younger* abstention); *Brown v. Reis*, No. 23-CV-813, 2023 WL 4826558, at *1–2 (D. Conn. July 27, 2023) (abstaining from reviewing § 2241 petition seeking release on grounds that state trial court denied petitioner a *Franks* hearing, permitted a legal intern to assist in his defense, and failed to reduce his bond).

With respect to Petitioner's challenge to his pretrial detention, to the extent he claims that he is being unlawfully detained because his right to a speedy trial has been violated, he has not indicated that he has brought this claim in the Connecticut Superior Court or Appellate Court or that he lacks a remedy for bringing this claim in Connecticut courts. In fact, Petitioner may file a motion for a speedy trial pursuant to Practice Book §§ 43-39 through 43-41. *See State v. Collazo*, No. F02B-MV23-0712047-S, 2025 WL 1937167, at *1 n.2 (Conn. Super. Ct. July 7, 2025) (discussing requirements for pretrial motion for speedy trial) (citing *State v. Bonner*, 290 Conn. 468, 473, 964 A.2d 73 (2009)). And Petitioner "has recourse to raise any issues regarding the alleged denial of a speedy trial, presumably the basis for his claim of lack of good faith prosecution, on appeal . . . ." *White v. Guadarama,* No. 24-CV-205, 2024 WL 3638261, at *3 (D. Conn. Aug. 2, 2024) (citing *State v. Malone*, 346 Conn. 552, 562, 292 A.3d 1247, 1252 (2003) (denial of speedy trial)).

Alternatively, to the extent Petitioner challenges his pretrial detention by contesting a bond determination or that he is being held without bond, he has not indicated that he has presented this challenge through the available remedy of filing a petition for expedited appellate bond review pursuant to Connecticut General Statutes § 54-63g. *See State v. Fernando A.*, 294 Conn. 1, 29, 981 A.2d 427 (2009) (citing Conn. Gen. Stat. § 54-63g) ("Any accused person or the state, aggrieved by an order of the Superior Court concerning release,

9

may petition the Appellate Court for review of such order.")). "By statute, such a petition is required to take precedence over any other matter before the Appellate Court." *Hernandez v. Carbone*, 567 F. Supp. 2d 320, 325 (D. Conn. 2008); *see also State v. Smith*, 335 Conn. 932, 934–37, 230 A.3d 638 (2020) (discussing whether certification is warranted to permit appeal from appellate court's consideration of appeal of motion for reduction of bond and release filed by pretrial detainee).

As to the second predicate, Petitioner has not provided any facts to suggest that he will suffer imminent harm if this court does not intervene in the ongoing prosecution. Specifically, regarding Petitioner's challenge to his pretrial detention, he purports that he was "unlawfully removed/kidnapped" since May 19, 2025, a period of approximately five-months.[13] Even assuming, however, that Petitioner was detained on the date of his arrest, January 30, 2024, this would fall far below the standard necessary to constitute an extraordinary circumstance. *See Jordan*, 570 Fed. App'x at 44 (in context of a *habeas corpus* proceeding, finding that 52-month pretrial incarceration did not constitute an "extraordinary circumstance" warranting federal intervention); *see also Talandar*, 2023 WL 1113530, at *1-2 (affirming district court's decision to dismiss action pursuant to *Younger* where appellant claimed his right to a speedy trial was violated, but failed to show he would be "irreparably harmed absent federal intervention").

In summary, Petitioner may raise these claims in the Connecticut State Court, and has presented no allegations to suggest that he is impeded from doing so. And to the extent that Petitioner must wait to raise his claims on appeal in the event his challenges are denied or

---

[13] Pet. at 1.

dismissed at the trial level, having to defend against a criminal prosecution "does not establish irreparable harm to warrant equitable relief." *White*, 2024 WL 3638261, at *3 (citing *Davis v. Lansing*, 851 F.2d 72, 77 (2d Cir. 1988) (burden of defending criminal prosecution is insufficient without more to constitute irreparable harm).

Accordingly, Petitioner has failed to show that there are any circumstances warranting an exception to abstention, and so, the Court concludes that *Younger* abstention applies and will abstain from exercising jurisdiction over Petitioner's claims for injunctive relief.

### C.     Exhaustion

To the extent that *Younger* abstention does not apply because Petitioner's challenge to his detention pending trial may be considered collateral to his criminal proceeding, the Court concludes that the Petition must be dismissed for nonexhaustion. *See Nazer v. Warden,* No. 23-CV-3798, 2023 WL 5101743, at *2 (S.D.N.Y. Aug. 8, 2023) (citing *Gerstein v. Pugh*, 420 U.S. 103, 108 n.9 (1975)). It is well-established that, before a federal court may grant habeas relief to a state prisoner, the prisoner must properly exhaust his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). That is, the petitioner must present the essential factual and legal bases for his federal claims to each appropriate state court, including the highest state court capable of reviewing it, in order to afford the state courts a full and fair "opportunity to pass upon and correct alleged violations of prisoners' federal rights." *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (cleaned up); *Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982). "The exhaustion requirement is designed to avoid the unseemly result of a federal court upsetting a state court conviction without first according the state courts an opportunity to ... correct a constitutional violation[.]" *Davila v. Davis*, 582 U.S. 521, 527 (2017) (cleaned up).

The exhaustion requirement for § 2241 is judicially imposed, however, and the court has discretion to excuse a petitioner's failure to exhaust administrative remedies. *Cardoza v. Pullen*, No. 22-CV-591, 2022 WL 3212408, at *5 (D. Conn. Aug. 9, 2022) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003)). A court may excuse the failure to exhaust for a § 2241 petition where "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a [petitioner] has raised a substantial constitutional question." *Beharry*, 329 F.3d at 62 (cleaned up).

Here, given that Petitioner's criminal proceedings are still pending in Connecticut Superior Court, it is evident that Petitioner's grounds for relief asserted in his Petition have not been presented to Connecticut's highest court. Likewise, Petitioner has not alleged any facts to show that he has raised his grounds for relief through state proceedings so as to afford the state courts a full and fair "opportunity to pass upon and correct alleged violations of [his] federal rights." *Duncan*, 513 U.S. at 365. Nor can Petitioner's failure to exhaust his state court remedies be excused, because as previously discussed, none of the exhaustion exceptions apply. There is no indication that the state trial and appellate courts of Connecticut are not fully able to consider and rule on Petitioner's claims; that Petitioner faces irreparable injury; that appeal in the state courts would be futile; or that Petitioner has raised a substantial constitutional question. As such, the Court also dismisses Petitioner's § 2241 petition as premature because he has not exhausted his state remedies prior to filing this action. *See Young v. McClendon*, No. 22-CV-710, 2022 WL 2952772, at *5 (D. Conn. July 26, 2022) (dismissing a § 2241 petition *sua sponte* where the petitioner failed to demonstrate his exhaustion or the absence of available state remedies).

## IV.     CONCLUSION

Based on the foregoing, the Court **DISMISSES** the Petition for writ of habeas corpus [ECF No. 1] on the grounds that the Court lacks jurisdiction over Petitioner's claims under *Younger*, and to the extent that abstention may not be warranted, on the grounds that Petitioner has failed to exhaust available state remedies.

The Clerk of the Court is respectfully requested to close this action. Any appeal from this order would not be taken in good faith. Thus, a certificate of appealability will not issue.

**SO ORDERED.**

Hartford, Connecticut
November 13, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge